# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                    **Case Nos.:  3:08cr117/MCR/CJK**
                                                      **3:11cv209/MCR/CJK**

**CURTIS DONELL DALE**
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 70).  The Government has filed a response (doc. 73) and Defendant has filed a reply (doc. 75) as well as two supplements (docs. 77, 79).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the conclusion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

On November 18, 2008, a grand jury charged Defendant in a single count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C.

§ 922(g)(1) (doc. 1). Defendant was convicted after a one day trial at which he was represented by Assistant Federal Public Defender Thomas Keith (doc. 29). The court denied the defense motion for judgment of acquittal (doc. 35).

In brief,[1] the evidence presented at trial showed that when Defendant was arrested, law enforcement observed him with a firearm in his pocket. This occurred during a joint effort of the U.S. Marshal and DEA to execute fugitive warrants in the Pensacola area. Defendant fled, but law enforcement apprehended him within minutes thereafter. After his arrest, Defendant gave a false name, but after receiving his <u>Miranda</u> warnings he admitted obtaining the gun in trade for marijuana and offered to become an informant. Defendant bonded out of jail and then, at law enforcement's request, engaged in several controlled purchases of firearms and/or narcotics. Defendant testified at trial and denied both having had a firearm and having admitted same to law enforcement. He stated that the three law enforcement agents who testified about his confession were lying because he had never had the gun.

The Presentence Investigation Report ("PSR") was disclosed to the defense on April 24, 2009 (doc. 36). Defendant had a base offense level of 20, and he received additional two level adjustments for the quantity of firearms possessed[2] and for obstruction of justice and a four level adjustment for possessing the firearm in connection with another felony offense (PSR ¶¶ 44–54). His total offense level was

---

[1]More detailed statements of facts describing the offense conduct are set forth in the Government's brief on direct appeal (doc. 73, exh. A).

[2]This information was based on evidence of relevant conduct that was not introduced at trial. An individual by the name of Andre Perry informed law enforcement that he and Defendant engaged in a pattern of buying, selling, and trading guns with one another (PSR ¶ 26). Perry was one of the individuals with whom Defendant engaged in a controlled buy. According to the PSR, Defendant provided Perry with $150 for a firearm and pocketed the remaining $100 he had received from law enforcement for the transaction (PSR ¶ 24).

28.  Defendant had 21 criminal history points and a criminal history category of VI (PSR ¶¶ 79–81).  The applicable guidelines range would have been 140 to 175 months, but due to the applicable statutory maximum sentence of 120 months, the guideline range became 120 months (PSR ¶¶ 114–115).  The defense objected to each of the three adjustments (PSR ¶¶ 133–138), and the court overruled these objections at sentencing (doc. 57 at 30).

When given the opportunity to address the court, Defendant asserted that he was not completely satisfied with counsel because counsel's job was to inform him of ways that he could "avoid trial" and "get a lesser sentence" (doc. 57 at 32).  He appeared to assert that he had only wanted to go to trial because he was concerned that he could fall under a fifteen year minimum mandatory, and he noted that his sentence would have been lower had he pleaded guilty and accepted responsibility (*id*. at 33).  The Government noted that during Defendant's trial testimony he had denied under oath that he was guilty or that he had confessed after his arrest, and that in light of these protestations of innocence, Defendant could not have completed a Rule 11 colloquy to the point where he could have entered a guilty plea (*id.* at 34–35).  The court concurred that the perjury enhancement was properly applied, noting that Defendant's comments to the court at sentencing further supported the enhancement (*id*. at 38).  The court also explained to Defendant that even if he had entered a guilty plea, he would likely be facing the same sentence because he had been "leading a life of [serious] crime" (*id*. at 39–40).[3]  The court sentenced Defendant to a term of 120

---

[3]Defendant's PSR reflects multiple adult convictions for resisting arrest, controlled substance offenses, battery, providing a false name to law enforcement , trespass, and driving while license suspended as well as a conviction for sexual battery  (PSR ¶¶ 56–78).

months imprisonment, noting that although it was below the guideline range, it was the maximum allowed by statute (doc. 39).

Defendant appealed, and his appellate attorney, Robert A. Harper Jr., filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). The Eleventh Circuit affirmed Defendant's conviction and sentence and granted counsel's motion to withdraw (doc. 66). In the present motion, Defendant contends that trial and appellate counsel were constitutionally ineffective. The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. <u>Rozier v. United States</u>, 701 F.3d 681, 684 (11th Cir. 2012); <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000); <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. <u>Nyhuis,</u> 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. <u>Sanders v. United States</u>, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and accordingly are considered procedurally barred. <u>Lynn</u>, 365 F.3d at 1234–35; <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998); <u>McKay v. United States</u>, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." <u>Lynn</u>, 365 F.3d at 1232 n. 14 (quoting <u>Mills</u>, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." <u>Lynn</u>, 365 F.3d at 1234; <u>Bousley</u>, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor

external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland, 466 U.S. at 686; Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong

presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315. When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the

case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. *See* Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1333–34 (11th Cir. 2012); Garcia v. United States, 456 F. App'x 804, 807 (11th Cir. 2012) (citing Yeck v. Goodwin, 985 F.2d 538, 542 (11th Cir. 1993)); Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would

have chosen it.'" <u>Dingle</u>, 480 F.3d at 1099 (quoting <u>Adams v. Wainwright</u>, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." <u>United States v. Morrow</u>, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* <u>Chandler v. McDonough</u>, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); <u>Hill v. Moore,</u> 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); <u>Ferguson v. United States</u>, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1237 (11th Cir. 2004); <u>Tejada</u>, 941 F.2d at 1559; <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. <u>Lynn</u>, 365 F.3d at 1239.

Ground One: Failure to convey plea offer

Defendant asserts that before trial, the Government offered him a plea offer, but that counsel failed to relay same to him. He claims that had he been apprised of this plea offer, he would not have proceeded to trial, but instead would have accepted the offer and entered a plea of guilty.

As noted at sentencing by both the Government and the court, Defendant's protestations of innocence under oath at trial were inconsistent with the entry of a guilty plea (doc. 57 at 34–35, 38). Furthermore, the district court informed Defendant at sentencing that even if he had pleaded guilty and received an acceptance of responsibility adjustment, and did not have the obstruction of justice adjustment, he "still would be looking at 120 months at a minimum because [his] criminal history is horrendous" (*id*. at 39). Therefore, even assuming the truth of Defendant's completely unsupported allegations concerning an uncommunicated plea offer, he has failed to show prejudice or that he is entitled to relief, and no evidentiary hearing is warranted.

Ground Two: Failure to object to Government vouching for its witness during closing

Defendant asserts that counsel should have objected to certain statements made by the Government at closing which constituted "improper vouching." Vouching occurs when the jury could reasonably believe that the prosecutor was indicating a "personal belief" in the witness's credibility. United States v. Lopez, 590 F.3d 1238, 1257 (11th Cir. 2009); *see also* United States v. Arias-Izquierdo, 449 F.3d 1168, 1177–78 (11th Cir. 2006); United States v. Cano, 289 F.3d 1354, 1365 (11th Cir. 2002) (quotations omitted); United States v. Castro, 89 F.3d 1443, 1457 (11th Cir. 1996); United States v. Sims, 719 F.2d 375, 377 (11th Cir. 1983). The court must

consider whether: (1) the prosecutor placed the prestige of the government behind the witness by making explicit personal assurances of the witness's credibility; or (2) the prosecutor implicitly vouched for the witness's credibility by implying that evidence not presented to the jury supports the witness's testimony. United States v. De La Cruz Suarez, 601 F.3d 1202 (11th Cir. 2010); Cano 289 F.3d at 1365. A prosecutor is permitted to comment on the credibility of a witness, often a key issue in a case, so long as she does not personally vouch for a witness's credibility or bolster the witness's credibility through the reputation of the government. Lopez, 590 F.3d at 1257; United States v. Hernandez, 921 F.2d 1569, 1573 (11th Cir. 1991). She may, for instance, argue that "the fair inference from the facts presented is that a witness had no reason to lie." Hernandez, 921 F.2d at 1573 (quoting United States v. Eley, 723 F.2d 1522, 1526 (11th Cir. 1984) (quoting United States v. Bright, 630 F.2d 804, 824 (5th Cir. 1980))). The Government is also entitled to rehabilitate its witness after an attack on the witness's credibility. See Cano, 289 F.3d at 1366; Eley, 723 F.2d at 1526; United States v. Cotton, 631 F.2d 63, 66 (5th Cir. 1980) (because defense counsel referred to government witnesses as liars in closing arguments, government was within its right to attempt to rebut these assertions).

The court has reviewed the Government's closing arguments and cannot concur with Defendant's characterization of the relevant comments as vouching. The key theme in the Government's closing was that in order to believe Defendant's testimony, every other witness had to be disbelieved. The Government repeatedly asked, rhetorically, why a particular witness would lie (see doc. 55 at 332, 333, 354, 355). It was up to the jury to compare the possible motivation of several law enforcement witnesses with that of Defendant who had an obvious motivation to lie

(and as both the court and jury found, did lie). In its closing, the Government also contrasted the demeanor of its witnesses with that of Defendant (*id.* at 355). Such remarks fall well within the scope of propriety. Counsel was not constitutionally ineffective for his failure to make a meritless objection. *See* Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Sneed v. Florida Dep't of Corrections, 496 F. App'x 20 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel); Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit). Defendant is not entitled to relief.

Ground Three: Failure to object to application of § 2K2.1(b)(6) enhancement

Defendant next contends that counsel was constitutionally ineffective for his failure to object to the application of the four level enhancement under U.S.S.G. § 2K2.1(b)(6). This enhancement applies if the firearm is possessed "in connection with" another felony offense. Defendant's assertion that counsel did not object to this enhancement is mistaken (*see* PSR ¶¶ 135, 136; doc. 57 at 23, 25). The court overruled the objection, finding that it was "abundantly clear here what was going on" between Defendant and Andre Perry, with whom he had an ongoing relationship involving the trade of marijuana for firearms, and the court based its ruling on both Perry's testimony, and the fact that the testimony was corroborated by Defendant's own conduct (doc. 57 at 29–30).[4]

---

[4]The case upon which Defendant now relies, Watson v. United States, 552 U.S. 74 (2007), is inapposite as it considered the statutory definition of use of a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A) rather than the guidelines enhancement at issue in Defendant's case.

There was ample evidence to support the court's determination, and it is highly improbable that a challenge to the application of this enhancement would have been successful on appeal. More importantly, assuming for sake of argument that the enhancement was improperly applied, Defendant has not shown prejudice. If Defendant's offense level had been reduced from a level 28 to a level 24, the applicable guidelines range of 100 to 125 months still would have encompassed the sentence he actually received. The court's comments at sentencing about Defendant's criminal history and the sentence it would have imposed even if Defendant had entered a guilty plea strongly suggest that regardless of this enhancement, Defendant's sentence would have been the same. Therefore, he has not shown prejudice, or that he is entitled to relief.

Ground Four: Ineffective assistance of appellate counsel

Defendant's final ground for relief is that appellate counsel was constitutionally ineffective when he failed to argue on direct appeal various issues that Defendant asked him to raise. Defendant does not identify the five allegedly meritorious issues that he claims counsel should have raised, instead referring to an "Exhibit B" which was not included with his § 2255 motion.

The record reflects that appellate counsel engaged in a review of the entire record and determined that there were no issues for appellate review because the only issues raised by the defense were resolved in favor of Defendant or rendered moot (doc. 73-1 at 38). The Eleventh Circuit also found after an "independent review of the entire record" that there were "no arguable issues of merit." The appellate court's review ensured Defendant's right to an effective review and Defendant has not shown he is entitled to relief. *See* McCoy v. Newsome, 953 F.2d 1252, 1265 (11th Cir.

1992); *see also* <u>Simmons v. Wainwright</u>, 710 F.2d 796, 797–98 (11th Cir. 1983) (finding no ineffective assistance of counsel when Defendant's appellate brief showed that counsel reviewed the record and performed legal research before deciding to file <u>Anders</u> brief).

Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore, Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 70) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 27th day of November, 2013.


_/s/ Charles J. Kahn, Jr._
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. _See_ 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**